UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OHIO CARPENTERS PENSION FUND, Individually and on behalf of all others similarly situated,
Plaintiff,

-against-

GLOBANT S.A., et al.,
Defendant.

26-CV-3405 (JPC) (RFT)

**OPINON & ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Before the Court are the motions of (i) Hampton Roads Shipping Association – International Longshoremen's Association ("HRSA-ILA"), (ii) Ronald Hinkle, and (iii) the "State Pension Funds,"[1] to be appointed lead plaintiff in this securities fraud class action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1924 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA"), *see* 15 U.S.C. § 78u-4(a)(3)(B), and to have their chosen counsel be approved as lead counsel. (*See* ECF 28, HRSA-ILA's Motion for Appointment as Lead Plaintiff ("HRSA-ILA's Mot."); ECF 31, Ronald Hinkle's Motion for Appointment as Lead Plaintiff ("Hinkle's Mot."); ECF 33, State Pension Funds' Motion for Appointment as Lead Plaintiff ("State Pension Funds' Mot.").)

[1] Plaintiff State Pension Funds is comprised of Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, and The Office of the Treasurer as Trustee for the State of Connecticut Retirement Plans & Trust Funds. These entities are sufficiently related to be appointed as lead plaintiff as they are all public retirement funds. *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 274 (S.D.N.Y. 2009) (appointing a group of public pension funds, including the State Teachers Retirement System of Ohio and the Ohio Public Employees Retirement System, as lead plaintiff in a securities class action).

I have carefully reviewed the parties' submissions, and for the reasons that follow, movant State Pension Funds' Mot. (ECF 33) is GRANTED, and HRSA-ILA's Mot. (ECF 28) and Hinkle's Mot. (ECF 31) are DENIED.[2]

## I.

## BACKGROUND[3]

### A. The Complaint

State Pension Funds, represented by Scott+Scott Attorneys at Law LLP ("Scott+Scott"), commenced this action on April 24, 2026 by filing a complaint against Globant S.A. and its officers (Martin Migoya, Juan Ignacio Urthiague, and Patricia Pomies) on behalf of a putative class of investors who purchased or otherwise acquired Globant common stock between February 15, 2024 and August 14, 2025 (the "Class Period"). (ECF 1, Compl. ¶ 1.) Plaintiff allegeS that the putative class was damaged when the stock price dropped nearly 15% ($11.66 per share) from $78.12 on August 14, 2025 to $66.46 on August 15, 2025. (*See id.* ¶ 25.) Plaintiff further alleges that Globant made false and misleading statements during several 2023 and 2024 quarterly earnings calls and in its February 29, 2024 Annual Report (Form 20-F) and failed to disclose financial problems connected to its expansion into Latin America, in violation of

---

2 Courts in this Circuit consider motions to appoint lead plaintiff as non-dispositive and therefore within a magistrate judge's authority to decide under 28 U.S.C. § 636(b)(1)(A). *See Scocco v. uniQure N.V.*, No. 26-CV-1124 (JPC) (GS), 2026 WL 1213718, at *1 n.1 (S.D.N.Y. May 4, 2026) (explaining that a motion to appoint lead plaintiff is a non-dispositive motion).

3 Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission. (*See id.* ¶¶ 26-48.)

**B. The Movants**

In accordance with PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), Scott+Scott published a notice of pendency of this action through *Business Wire* on April 24, 2026, advising that the deadline to file motions to be appointed lead counsel would be June 23, 2026. (*See* ECF 36-1, Not. of Pendency.) On June 23, 2026, three motions to be appointed lead counsel were filed. (*See* ECF 28, HRSA-ILA's Mot.; ECF 31, Hinkle's Mot.; ECF 33, State Pension Funds' Mot.) On July 1, 2026, Hinkle filed a notice of non-opposition acknowledging that he did not have the largest financial interest in the case. (ECF 38, Hinkle Not. of Non-Opp.) On July 7, 2026, HRSA-ILA did the same. (ECF 39, HRSA-ILA Not. of Non-Opp.) On July 7, 2026, State Pension Funds filed a letter noting that their motion to be appointed lead plaintiff was unopposed. (ECF 41, State Pension Funds' Not.)

Each of the State Pension Funds attests that it is a public pension system located in Ohio or Connecticut. (*See* ECF 34, State Pension Funds' Memorandum of Law in Support of Motion for Appointment as Lead Plaintiff ("State Pension Funds' Mem.") at 4-5.) State Pension Funds has led prior actions that "have secured hundreds of millions of dollars in recoveries for injured investors." (*Id.* at 11.) During the proposed Class Period, Plaintiff acquired a combined total of 696,128.00 shares of Globant stock and lost approximately $29.89 million. (*See* ECF 36-5, State

Pension Funds' Loss Chart.) If it is appointed lead counsel, it seeks to be represented by Scott+Scott and Grant & Eisenhofer P.A. ("G&E").[4]

## II.

## LEGAL STANDARD

The PSLRA instructs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute presumes the most adequate plaintiff to be the person or group that (1) "filed the complaint or made a motion" for appointment as lead; (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) – (cc). This presumption may be rebutted by a member of the plaintiff class through "proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a) (3)(B)(iii)(II)(aa) – (bb).

Congress enacted the PSLRA with this rebuttable presumption standard to "prevent lawyer-driven litigation" and encourage "parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, [to] participate in the litigation and exercise control over the selection and actions of plaintiffs' counsel." *Weltz v. Lee*,

4 Scott+Scott filed the Complaint (ECF 1), published the Notice of Pendency (ECF 36-1), and appeared in the case (ECF 19), while G&E has yet to appear or submit any filings to the Court.

199 F.R.D. 129, 131 (S.D.N.Y. 2001). Congress wanted to motivate "class members with the largest purported losses to act as lead plaintiffs in private securities litigation." *Barnet v. Elan Corp.*, 236 F.R.D. 158, 161 (S.D.N.Y. 2005).

**A. Notice and Filing**

A plaintiff seeking appointment as the lead must, within 20 days of filing the complaint, publish "in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class" of the pendency of the action, the claims asserted, the purported class period, and the right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I) – (II). The plaintiff must then make an application to the court for appointment as lead plaintiff within sixty days of the notice's publication. *See id*. at (II).

**B. Largest Financial Interest**

The movant seeking appointment as lead plaintiff must then demonstrate that it has the largest financial interest. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)(bb). The PSLRA does not specify a method for calculating the largest financial interest; Courts in this District generally consider four factors:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007). However, it is well established that the fourth factor is the most important, and courts generally only look to the first three if the

financial losses of the competing proposed lead plaintiffs are roughly equal. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008); *Cortina v. Anavex Life Sci. Corp.*, No. 15-CV-10162 (JMF), 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) ("This Court, like many others, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.").

The favored methodology for measuring financial loss in this District is a last-in first out ("LIFO") calculation. *See In re Paysafe, Ltd.*, No. 21-CV-10611 (ER) (KHP), 2022 WL 1471122, at *5 n.6 (S.D.N.Y. May 10, 2022), *adopted by* 2024 WL 1636415 (S.D.N.Y. Apr. 16, 2024). Under this formula, "the last purchases made during the class period [are matched up] with the first sales made during the class period," which tends to offset any gains attained from artificially inflated stock prices during the class period. *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 264 (S.D.N.Y. 2019); *accord City of Monroe Emps. Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010).

**C. Rule 23 Requirements**

The movant must also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure to be considered the most adequate plaintiff to serve as the lead plaintiff. The movant must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010).

To satisfy the typicality requirement, the movant must show that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010). As for adequacy, the movant must demonstrate that:

> (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *accord Carpenter v. Oscar Health, Inc.*, 631 F. Supp. 3d 157, 162 (S.D.N.Y. 2022). Upon satisfaction of these requirements, a movant will be presumed to be the most adequate plaintiff to represent the class interests, and thus to serve as the lead plaintiff.

**D. Approval of Lead Counsel**

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). While the court retains the ability to reject the plaintiff's choice of counsel, "[t]here is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Francisco v. Abengoa, S.A.*, No. 15-CV-6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016).

The appointment of co-lead counsel "warrants a detailed justification, based on factors like the complexity of the case." *In re Kirkland Lake Gold Ltd. Sec. Litig.*, No. 20-CV-4953 (JPO), 2020 WL 10692524, at *1 (S.D.N.Y. Sept. 24, 2020). Courts worry "that appointment of multiple lead plaintiffs and co-lead counsel would unnecessarily risk duplication of effort." *Id.* at *2; *accord In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015).

**III.**

**DISCUSSION**

**A. Timeliness**

On April 24, 2026, Scott+Scott published a Notice of Pendency of this Action on *Business Wire*, a national newswire service (*see* ECF 36-1, Not. of Pendency) and timely filed the Motion 60 days later, on June 23, 2026 (*see* ECF 33, State Pension Funds' Mot.). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Fed. R. Civ. P. 6(a)(5) committee's note to 2009 amendment (explaining filing on the 60th day is permitted when a statutory filing requirement is "no later than" 60 days).

**B. Financial Interest**

As acknowledged by Hinkle and HRSA-ILA (ECF 38 – 39), State Pension Funds suffered the greatest financial loss of the three movants (*see* ECF 41, State Pension Funds' Not.), which "is the most important" factor in determining the adequacy of a lead plaintiff. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-3495 (AT) (BCM), 2016 WL 5867497, at *3 (S.D.N.Y. Oct. 4, 2016).

**C. Rule 23**

Hinkle and HRSA-ILA have not opposed State Pension Funds' motion to serve as lead Plaintiff, provided that State Pension Funds meets the requirements under Rule 23 to do so. (ECF 38, Hinkle Not. of Non-Opp. at 1; ECF 39, HRSA-ILA Not. of Non-Opp. at 2.)

1. Typicality

State Pension Funds has made the necessary preliminary showing of typicality. State Pension Funds alleges that it purchased Globant securities "at a price inflated by Defendants' fraudulent misrepresentations" and that it "suffered injury when the value of that stock declined, allegedly because the market became aware of the accurate information about [Globant] that Defendants allegedly concealed." (ECF 34, State Pension Funds' Mem. at 8.) State Pension Funds' claims are therefore identical to the claims of the putative class members. *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (finding that the proposed lead plaintiff met the typicality requirement as "[proposed lead plaintiff] and all Class members allegedly purchased [the defendants'] securities at artificially inflated prices as a result of [the defendants'] misrepresentations and omissions").

2. Adequacy

State Pension Funds has made the necessary preliminary showing of adequacy. No party has argued, nor has the Court found, that State Pension Funds has any interests antagonistic to other putative class members. (*See* ECF 41, State Pension Funds' Not.) State Pension Funds' financial losses – a combined financial loss of $29.89 million (*see* ECF 36-5, State Pension Funds' Loss Chart) – will likely motivate State Pension Funds to advocate vigorously on behalf of the

proposed class. *See Deutsche Bank*, 2016 WL 5867497, at *5 (finding a presumption of adequacy where "no party argue[d] that [the plaintiff] ha[d] any interests antagonistic to other class members" and that a financial interest of $423,883.00 was "sufficient" to cause the plaintiff to "pursue this litigation vigorously").

State Pension Funds has retained adequate counsel that is both qualified and experienced. *See Rasella v. Musk*, 342 F.R.D. 74, 80 (S.D.N.Y. 2022) (explaining that counsel must be "capable and qualified to vigorously represent the interests of the class that he seeks to represent"). Other courts in this Circuit have found Scott+Scott and G&E to be qualified, experienced, and generally able to conduct litigation. *See Maeshiro v. Yatsen Holding Ltd.*, No. 22-CV-8165 (JPC) (BCM), 2023 WL 4684106, at *7 n.8 (S.D.N.Y. July 21, 2023) (collecting cases where Scott+Scott was appointed lead counsel); *Michiana Area Elec. Worker's Pension Fund v. Inari Med., Inc.*, 2025 WL 936572, at *6 (S.D.N.Y. Mar. 27, 2025) (describing G&E's "substantial litigation experience"). No concerns have been raised regarding the qualifications of Scott+Scott or G&E to act as counsel. (*See* ECF 38, Hinkle Not. of Non-Opp. at 1; ECF 39, HRSA-ILA Not. of Non-Opp. at 2.)

For the foregoing reasons, State Pension Funds is entitled to the presumption that it is the most adequate plaintiff. Because no grounds to rebut that presumption have been offered, State Pension Funds' motion for appointment as lead plaintiff in this action (ECF 33) is GRANTED.

**D. Appointment of Lead Counsel**

State Pension Funds has requested the law firms Scott+Scott and G&E be appointed as co-lead counsel for the putative class. (*See* ECF 34, State Pension Funds' Mem. at 1.) The PSLRA

provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). However, "the lead plaintiff's right to select and retain counsel is not absolute." *Maeshiro*, 2023 WL 4684106, at *9. "[T]he Court has discretion to decline to appoint the candidate proposed by lead plaintiff when warranted to protect the interests of the class." *City of Monroe Employees' Ret. Sys.*, 269 F.R.D. at 297.

There is no reason to doubt that the firms are both qualified and generally able to conduct the litigation. *See supra* Part III.C.2. In support of State Pension Funds' request, Scott+Scott attorney Thomas L. Laughlin, IV submitted Scott+Scott's and G&E's firm resumes, which provide detailed descriptions of the firms' extensive experience serving as lead and co-lead counsel in securities class actions, as well as the educational background and experience of their attorneys. (*See* ECF 36-6, Scott+Scott Firm Resume; ECF 36-7, G&E Firm Resume.) Other courts in this Circuit have appointed Scott+Scott and G&E to be lead counsel or co-lead counsel on numerous occasions. (*See* ECF 36-6, Scott+Scott Firm Resume at 6-9; ECF 36-7, G&E Firm Resume at 1.)

I recognize, however, "that having two firms serve as co-lead counsel could result in a duplication of effort and the incurrence of unnecessary attorneys' fees." *See In re MGT Cap. Invs., Inc. Sec. Litig.*, No. 16-CV-7415 (NRB), 2017 WL 11930448, at *4 (S.D.N.Y. Apr. 11, 2017); *In re Allergan PLC Sec. Litig.*, No. 18-CV-12089 (CM) (GWG), 2020 WL 5796763, at *4 (S.D.N.Y. Sept. 29, 2020) (denying application for two firms to be appointed co-lead counsel, explaining that, "[u]nless there is some special reason why the services of two firms are needed, the appointment of co-lead counsel tends to inflate legal fees"). State Pension Funds' motion

asserts that appointing co-lead counsel will ensure that "the class's claims will be efficiently and zealously prosecuted" (ECF 34, State Pension Funds' Mem. at 13), which does not provide any specificity about why the services of both firms are necessary. Nevertheless, I do not wish to interfere unnecessarily with State Pension Funds' choice of counsel.

Accordingly, State Pension Funds may select Scott+Scott and G&E as co-lead counsel, "provided that there is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses." *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997); *see also Richman v. Goldman Sachs Grp., Inc.,* 274 F.R.D. 473, 480 (S.D.N.Y. 2011) (approving appointment of two firms as co-lead counsel as long as there would be no increase in attorneys' fees and expenses); *Sofran v. LaBranche & Co. Inc.*, 220 F.R.D. 398, 404 (S.D.N.Y.2004) (same). Scott+Scott and G&E shall, however, submit a letter to the Court confirming that they will take appropriate steps to avoid duplication of work and increases in attorneys' fees and costs and specifying what those steps are. *See Bank of Am.*, 258 F.R.D. at 271 (appointing three firms as co-lead counsel when the firms explained "that they have implemented measures to limit legal fees and costs, including dividing labor among counsel for the sake of efficiency, requiring approval for significant expenses, and negotiating a competitive fee agreement with plaintiffs").

## Conclusion

For the foregoing reasons, State Pension Funds' Mot. (ECF 33) is GRANTED. Scott+Scott and G&E are appointed as co-lead counsel. Additionally, HRSA-ILA's Mot. (ECF 28) and Hinkle's Mot. (ECF 31) are DENIED. By **September 4, 2026,** Scott+Scott and G&E shall file a letter on the docket confirming and describing the steps they will take to avoid duplicative

work, attorneys' fees, and costs. The Clerk of Court is respectfully requested to terminate ECF 28, 31, and 33.

DATED: August 25, 2026
New York, NY

SO ORDERED.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**